**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-6996 |
| Appellee, | D.C. No. 2:19-cr-00348-SVW-1 |
| v. | |
| ALEXANDER GALLARDO, | MEMORANDUM* |
| Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Alexander Gallardo appeals from the district court's judgment and challenges the 18-month sentence imposed upon the third revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Gallardo's request for oral argument is therefore denied.

Gallardo contends that the district court impermissibly imposed the sentence to promote his rehabilitative needs. We review this claim for plain error, *see United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011), and conclude there is none. The record reflects that the court imposed the sentence based on Gallardo's inability to comply with the terms of his supervision, his commission of a new criminal offense, and the danger he poses to the public, which are permissible considerations. *See* 18 U.S.C. § 3583(e); *United States v. Taylor*, 153 F.4th 934, 943 (9th Cir. 2025). Nothing in the court's sentencing explanation provides support for Gallardo's argument that the court lengthened his prison term to promote his rehabilitation. *Cf. Grant*, 664 F.3d at 278, 282 (remanding for resentencing because "the judge made it plain that he was giving Grant more time in prison in order to facilitate his rehabilitation").

**AFFIRMED.**